REQUESTED BY: Senator Rex Haberman Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Haberman:
You ask for our opinion on a certain question. You indicate that you intend to introduce legislation requiring mandatory jail sentences for individuals convicted of driving while intoxicated and for those convicted of using or possessing a deadly weapon during the commission of a felony. In light of that intention you pose the following question: `In reference to the above, does the State of Nebraska have the authority to confine inmates in prison, even if prison conditions violate the U.S. and Nebraska constitutions?'
The short, misleading and only partially accurate answer to your question is no, the state may not confine inmates in conditions violative of the U.S. and Nebraska Constitutions.
We must qualify this answer with several assumptions which we will delineate in the following paragraphs.
First, as you are well aware, the State of Nebraska has recently completed several new correctional institutions and is about to start on another in Omaha. In light of these circumstances, we believe it is unlikely that the State of Nebraska will be subject to a conditions lawsuit in the near future.
For the purposes of this letter, the question of incarceration in local jails is subject to such wide variation that we will simply say that some jails may be so bad that it would be improper to incarcerate people therein but alternatives should be available to take care of any specific or isolated problems existing in the state.
As a practical matter, we believe that the facilities existing in the state are currently sufficient to meet any currently applicable standards. Thus, the question of whether or not individuals convicted in the State of Nebraska could be confined in conditions that are violative of either the federal or state Constitution is essentially irrelevant.
As you are well aware, there has been a great deal of litigation in federal courts in recent years concerning conditions in penal institutions. A number of federal courts have held that particular institutions and conditions therein violate federal or state constitutional provisions. The remedies which have been fashioned by these courts vary greatly. At least one court has ordered a reduction to set numbers. That and other orders have not detailed what is to be done with the inmates who are incarcerated, but simply have ordered state action to bring the institutions into compliance with minimum standards.
Absent a specific factual situation, it is difficult to give any coherent answer to the question of whether or not a particular inmate may be incarcerated in a particular institution. That question would have to be dealt with once the case arose. As a practical matter, from the standpoint of the state, we see no likelihood of it being impossible for the state to incarcerate a convicted felon under a proper sentence within the facilities currently available or presently planned. With respect to local jails, such questions would have to be treated on an individual basis in the locality involved in terms of the options available to the incarcerating authority.
While this response has been very general in nature, we hope that it is of some assistance in resolving the question you have raised.
Sincerely,
PAUL L. DOUGLAS Attorney General
Patrick T. O'Brien Assistant Attorney General